```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BRYAN ESPINOZA,                                 :
                                                :
                        Plaintiff,              :       **MEMORANDUM & ORDER**
                                                :       21-CV- **4749 (WFK)(LB)**
        v.                                      :
                                                :
FEDERAL BUREAU OF INVESTIGATIONS;               :
CENTRAL INTELLIGENCE AGENCY                     :
(Office of Equal Opportunity),                  :
                                                :
                        Defendants.             :
----------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Bryan Espinoza filed the instant *pro se* complaint on August 19, 2021 and asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's request to proceed *in forma pauperis* ("IFP") is GRANTED. For the reasons set forth below, the complaint is DISMISSED. Plaintiff is granted thirty (30) days from the date of this memorandum and order to file an amended complaint.

## BACKGROUND

Plaintiff's complaint is largely unintelligible. Plaintiff alleges that "The Nature of this complaint, . . . has to do with the Basic Non-Compliance in Public Integrity and enforcing their position as Public Officials on matters of relevant discourse." ECF No. 1 at 5. Plaintiff asserts that he is a victim of criminal abuse, criminal investigations and a "possible" victim of ethics and public corruption. *Id*. Plaintiff alleges that despite being highly educated, he has failed "to receive a response to inquiries about potential work opportunities." *Id*. Plaintiff also claims that he has failed to receive responses when he contacted federal agencies and opines that this is due

to a "Mob-Conspiracy." *Id*. Plaintiff asserts that he has received phone calls from the U.S. Border and Protection Agency and the IRS credit bureau regarding identity theft, money laundering and narcotics. *Id*. Plaintiff further notes that "cybercrime by egotistical stardom in rappers and big influences potentially trespassing my private notes and information has really developed a serious injury in Tortious Interference." *Id*. at 6. Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim to relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of

further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

### A. Sovereign Immunity

Even if Plaintiff plausibly alleged a violation of his constitutional rights, sovereign immunity bars his claims for monetary damages. "[T]he United States, as sovereign, is immune from suit save as it consents to be sued." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (internal quotation marks and citation omitted); *County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) ("Absent an unequivocally expressed statutory waiver, the United States, its agencies, and its employees when functioning in their official capacities are immune from suit based on the principle of sovereign immunity."). "The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff bears the burden of establishing that

[his] claims fall within an applicable waiver." *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted); *Marie v. U.S.*, 19-CV-06854, 2020 WL 8669752, at *15 (S.D.N.Y. Aug. 12, 2020) (Freeman, Mag.), *report and recommendation adopted*, 19-CV-6854, 2020 WL 5441073 (S.D.N.Y. Sept. 9, 2020) (Caproni, J.). Plaintiff has failed to establish any basis for the waiver of sovereign immunity. *See Bank v. Wolfe*, 19-CV-441, 2020 WL 4748320, at *4 (E.D.N.Y. Aug. 17, 2020) (Matsumoto, J.) (noting that although plaintiff cites to 28 U.S.C. § 1331, the federal question statute, this statute does not serve as a waiver of sovereign immunity); *Torres v. City of New York,* 19-CV-6332, 2019 WL 6051550, at *4 (S.D.N.Y. Nov. 13, 2019) (McMahon, J.), *appeal withdrawn*, 19-CV-3878, 2019 WL 8012242 (2d Cir. Dec. 16, 2019) (dismissing plaintiff's claims against the CIA as frivolous under the doctrine of sovereign immunity). Accordingly, Plaintiff's claim for money damages against the FBI and CIA are dismissed as barred by sovereign immunity.

    **B. Leave to Amend**

In light of Plaintiff's *pro se* status, he is granted 30 days from the date of this memorandum and order to file an amended complaint. Plaintiff is advised that should he elect to file an amended complaint he must plead sufficient facts to allege a violation of his constitutional or federal rights and must comply with Rule 8(a) of the Federal Rules of Civil Procedure which requires a short and plain statement of his claim. Plaintiff must name as proper defendants those individuals who have some personal involvement in the action he alleges in the amended complaint. *See Iqbal,* 556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution."). If Plaintiff wishes to bring a claim against a defendant and he does not know the name of the individual, he

may identify each of them as John or Jane Doe, provide their place of employment, and to the best of his ability describe each individual and explain what each defendant did or failed to do in violation of his constitutional or federal rights.

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, and seeking monetary damages against federal agencies is dismissed as barred by sovereign immunity, *see also* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is granted thirty days leave from the date of this memorandum and order to file an amended complaint as detailed above. If Plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment shall enter. All further proceedings shall be stayed for 30 days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2021
      Brooklyn, New York